IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA,<br><br>                Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA; CHICKEN VENTURES, LLC, an Alaska limited liability company; GEORGE W. SEUFFERT, SR.; GEORGE W. SEUFFERT, JR.,<br><br>                Defendants. | Case No. 3:12-cv-00114-SLG |

## ORDER AWARDING ATTORNEY'S FEES

Before the Court at Docket 106 is the State of Alaska's Supplemental Motion for Award of Attorney's Fees. At the parties' request, the determination of the State's motion for attorney's fees was bifurcated. At Docket 103, the Court issued an order on the original motion in which it held that the State of Alaska was granted prevailing party status in the action, and was entitled to attorney's fees and costs pursuant to 28 U.S.C. § 2412(b). Thereafter, the parties submitted supplemental briefing as to the type and amount of fees and expenses that should be awarded.[1]

---

[1] Dockets 106, 111, and 113.

The State seeks a total award of $993,836.[2] The United States maintains that the amount of the fee award should not exceed $444,167.

The largest single item in dispute between the parties is whether expert witness fees are properly recoverable under the applicable statute. This amount comprises $335,758 of the total amount sought by the State.[3] But the State cites to no Ninth Circuit authority, and the Court did not independently locate any such authority, that would authorize the award of expert witness fees under the applicable statute provision, which allows for the recovery of "reasonable fees and expenses of *attorneys*." *See* 28 U.S.C. § 2412(b). Accordingly, the request for the payment of expert witness fees will be denied.

As to the costs sought in the amount of $10,713, the Court will direct the State to schedule a cost bill hearing with the Clerk of Court in the first instance. The Court rejects the United States' argument that the State's request is untimely, for the reasons set forth by the State in its reply on that topic.[4]

When the expert fees and the costs are removed, there remains a total of $647,365 in attorney's fees being sought. The United States takes issue with many aspects of the attorney fees, which included the following: use of block billing, which the United States asserts warrants a 20% reduction totaling $41,924; lack of sufficient detail regarding certain billing entries, which the United States asserts warrants the removal of $82,525;

---

[2] *See* Docket 113 at 1. This amount is from the State's reply and is adjusted slightly from the amount sought in the original motion. (*See* Docket 113 at 1, n.1, and Docket 113-6 at 1). It includes expert witness fees of $335,758; costs of $10,713; and attorney's fees of $647,365.

[3] See Docket 113 at 4.

[4] *See* Docket 113 at 2-3.

3:12-cv-00114-SLG, *SOA v. USA, et al.*
Order
Page 2 of 4

the removal of $10,460, which the United States asserts seek recovery for clerical tasks performed by the State's attorney; the removal of certain fees that the United States characterizes as $4,800 for press activities, $5,900 for general education, $6,620 for client management, $3,360 for conferring with a certain expert, $1,520 as unnecessary time spent on tasks, $19,346 as unnecessary duplication of effort by two attorneys when one would have sufficed; and $21,585 for billing by individuals whose role was not adequately explained.  Together, these adjustments would result in a reduction of the State's fees of approximately $198,040, an amount which comprises over 30% of the total attorney's fees sought.

The Court is not persuaded that such a large reduction of the fee award is warranted for several reasons.  First, many of the concerns identified by the United States in its opposition have been remedied by the additional documentation provided by the State in its reply.  Second, based on the Court's experience reviewing fee motions in other cases with other practitioners, the Court finds that the hourly rate used by the State's attorneys to be at the low end of the going market rate for legal practitioners in the Anchorage area.  Third, on review of the billings, the Court finds that the time expended overall was reasonable.  However, the Court does agree with the United States that there should be some adjustment for duplication of effort, such as having two State attorneys present when defending depositions.  In addition, based on the Court's review of the billing records, the Court finds some validity to the United States' concerns regarding the lack of detail in some of those records and the block billing.  Based on the foregoing, the

Court finds that a 10% downward adjustment in the attorney's fees sought is warranted.[5] Therefore, the State's supplemental motion for an award of attorney's fees at Docket 106 is GRANTED insofar as the Court awards a total of **$582,629 in attorney's fees**.[6]

Costs shall be determined by the Clerk of Court at a cost bill hearing in the first instance and the clerk's office shall prepare minutes of the taxation hearing. The amount that is awarded by the Clerk of Court shall be inserted onto the Order and Decree Confirming Quiet Title Action at Docket 84, which constitutes the Final Judgment in this case for purposes of Local Rule 54.1(d)(2)[B].

DATED this 1st day of November, 2016 at Anchorage, Alaska

*/s/ Sharon L. Gleason*
UNTIED STATES DISTRICT JUDGE

---

[5] *Cf. Moreno v. City of Sacramento*, 435 F.3d 1106, 1112 (9th Cir. 2008) (holding that in civil rights litigation, a district court can impose a small reduction in a fee award, no greater than 10 percent, based on its exercise of discretion and without a more specific explanation).

[6] This amount is the difference between $647,365 minus $64,736.